**James R. SHAHADY, Petitioner,**

v.

**ATLAS TILE & MARBLE COMPANY, Hartford Accident & Indemnity Company, and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.***

No. 81–1818.

United States Court of Appeals, District of Columbia Circuit.

Argued May 17, 1982.

Decided June 4, 1982.

---

* The caption in this case was reformed in accordance with a decision of this Court that the Director of the Office of Workers' Compensation Programs of the United States Department of Labor should be a named respondent in all Benefits Review Board review proceedings. *See Shahady v. Atlas Tile & Marble Co.*, 673 F.2d 479 (D.C.Cir.1982).

Wayne M. Mansulla, Washington, D. C., for petitioner.

William P. Dale, Washington, D. C., for respondents Atlas Tile & Marble Co. and Hartford Accident & Indemnity Co.

Marianne Demetral Smith, Atty., Dept. of Labor, Washington, D. C., with whom T. Timothy Ryan, Jr., Sol. of Labor, and Donald S. Shire, Associate Sol., Washington, D. C., were on the brief, for respondent Director, Office of Workers' Compensation Programs.

Before MacKINNON, EDWARDS, and GINSBURG, Circuit Judges.

1. This opinion originally issued as a memorandum accompanying a judgment order; it is published at the request of the Director of the Office of Workers' Compensation Programs.

2. Application of the Act to the District of Columbia has now been superseded by 36 D.C. Code §§ 301 *et seq.* (1981). *See District of*

PER CURIAM [1]:

James R. Shahady has petitioned this court under the Longshoremen's and Harbor Workers' Compensation Act ("the Act"), 33 U.S.C. §§ 901 *et seq.*, as applied to the District of Columbia, D.C.Code §§ 36–501 *et seq.*,[2] for review of an order of the Benefits Review Board (BRB) of the Department of Labor. The BRB, with one of the three administrative appeals judges dissenting, affirmed the decision of an administrative law judge (ALJ) denying Shahady's claim against his employer and its insurance carrier for medical expenses incurred as a result of a knee injury sustained in the course of employment. Shahady maintains that he is entitled under the Act to benefits covering treatment rendered by three physicians whose services he procured after his discharge by the doctor furnished by his employer.[3] We agree.

Under section 7(d) of the Act, 33 U.S.C. § 907(d), an employee is not entitled to reimbursement for medical treatment or services *unless* he has requested his employer to furnish or authorize such treatment or services, and the employer has refused or neglected to do so. Shahady testified that he requested further treatment from Dr. Gibson, the surgeon who attended to his knee injury pursuant to the reference of his employer's insurance carrier. According to Shahady, Dr. Gibson told him "[he] was fine," "there was nothing wrong with [his] leg," and "to come back and see him in a year." Joint Appendix (J.A.) 91. Dr. Gibson acknowledged that he performed a final exam and discharged Shahady from continuing care, J.A. 108, but stated he would have seen petitioner for "[a]s long as he wanted to come." J.A. 107–108.

■ Taking into account the settled rule that in cases of this nature, "[d]oubts, including the factual, are to be resolved in

*Columbia v. Greater Washington Central Labor Council,* 442 A.2d 110 (D.C.1982).

3. Petitioner clarified at argument that he does not seek benefits covering medical expenses he incurred prior to his treatment by the surgeon to whom he was sent by his employer's insurance carrier.

favor of the employee," *Wheatley v. Adler*, 407 F.2d 307, 314 (D.C.Cir.1968) (en banc), we conclude that Shahady's claim fits securely within judicial and BRB precedent interpreting section 7(d) to authorize benefits for necessary medical treatment an injured employee procures after discharge by an employer-furnished physician. When an employee is told by the employer's physician that "he is recovered from his injury and requires no further treatment, he has, in effect, been refused treatment by the employer," and is therefore entitled to reimbursement for all necessary treatment subsequently procured on his own initiative. *Atlantic & Gulf Stevedores, Inc. v. Neuman*, 440 F.2d 908, 911 (5th Cir. 1971). *See Buckhaults v. Shippers Stevedore Co.*, BRB No. 75–132, 2 BRBS 277 (1975); *see also Walker v. AAF Exchange Service*, BRB No. 76–185, 5 BRBS 500 (1977); *Kilson v. Sun Shipbuilding & Dry Dock Co.*, BRB No. 75–127, 2 BRBS 172 (1975). The BRB offered no cogent explanation for its apparent departure from this precedent.

We emphasize that the ALJ specifically found the treatment independently procured by Shahady within but a few months of Dr. Gibson's discharge "necessary" and "causally related" to petitioner's injury. J.A. 33. These findings are not disputed by the employer or its carrier; they appear irreconcilable with the ALJ's determination that Dr. Gibson's discharge of Shahady from continuing care did not operate as a refusal by the employer to provide the necessary care required under the Act. *See Washington v. Cooper Stevedoring Co.*, BRB No. 75–237, 3 BRBS 474, 479 (1976), *aff'd on other grounds*, 556 F.2d 268 (5th Cir. 1977) (misdiagnosis by the discharging physician is the "equivalent of a refusal of treatment by the employer").

■ We recognize that fact findings made in the administrative proceedings must be accepted unless unsupported by substantial evidence. *See Voris v. Eikel*, 346 U.S. 328, 333–34, 74 S.Ct. 88, 91–92, 98 L.Ed. 5 (1953). On the record considered as a whole, however, we firmly conclude that the ALJ's determination that Shahady was not refused necessary treatment is unsupported by substantial evidence. We further conclude that, in sustaining this unsupported determination without distinguishing its own precedent pointing in the opposite direction, the BRB failed to act in accordance with basic tenets of administrative law. *See Columbia Broadcasting System, Inc. v. FCC*, 454 F.2d 1018, 1025–26 (D.C. Cir.1971). We therefore do not reach the question whether, in the absence of a refusal attributable to the employer to provide necessary medical treatment, the Act would have required Shahady to request his employer's authorization for the medical services in question. *See* 33 U.S.C. § 907(b), (d).

■ Finally, the ALJ refused to exercise his statutory discretion to excuse the apparent failure of Shahady's doctors to comply with the Act's requirement that a report be filed with the employer within ten days following the first treatment. 33 U.S.C. § 907(d). However, as the BRB's own precedent again makes clear, failure to file a timely report should be excused where medical services are otherwise reimbursable due to the employer's refusal to provide necessary further treatment. *Buckhaults, supra* at 280. In light of our determination that Shahady is entitled to reimbursement under section 7(d), the ALJ's refusal to excuse the report-filing lapse constitutes an abuse of discretion.

For the reasons stated, the order on review is reversed.

*So ordered.*